**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Kim Squalls,<br><br>    Plaintiff,<br><br>vs.<br><br>Megan J. Brennan,<br><br>    Defendants. | No. CV-19-05540-PHX-SPL<br><br>**ORDER** |

  Before the Court is Defendant's Motion to Dismiss (Doc. 12).  For the following reasons, the Motion will be granted.

**I. Background**

  On October 31, 2019, *pro se* Plaintiff Kim Squalls filed a complaint against Defendant alleging employment discrimination by the United States Postal Service pursuant to both Title VII of the Civil Rights Act of 1964 ("Tile VII"), *see* 42 U.S.C. §§ 2000e to 2000e-17, and the Age Discrimination in Employment Act of 1967 ("ADEA"), *see* 29 U.S.C. §§ 621 to 634 (Doc. 1).  Prior to bringing suit in federal district court, Plaintiff first filed a charge with the Equal Employment Opportunity Commission ("EEOC"), and Plaintiff received a Notice of Right to Sue letter on July 30, 2019 (Doc. 1 at 5).

**II. Legal Standard**

  Defendant has moved to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. A jurisdictional attack under Rule 12(b)(1) may be either facial or factual. *Safe Air for Everyone v. Meyer*, 373

F.3d 1035, 1039 (9th Cir. 2004) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* "[I]n a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* When considering a factual attack, the district court may review evidence beyond the complaint and need not presume the truthfulness of the allegations in the complaint. *Id.* The plaintiff bears the burden of establishing subject-matter jurisdiction. *Id.*

Defendant has also moved to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) for failure to state a claim. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1). A successful motion to dismiss under Rule 12(b)(6) must show either that the complaint lacks a cognizable legal theory or fails to allege facts sufficient to support its theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). In reviewing a complaint for failure to state a claim, the Court must accept as true all well-pleaded allegations of material fact. *Id.* To avoid dismissal, a complaint must only contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Generally, material beyond the pleadings may not be considered in deciding a Rule 12(b)(6) motion. However, a court may consider evidence on which the complaint necessarily relies if the complaint refers to the document or the document is central to the plaintiff's claim and no party questions the authenticity of the document. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). A court may also take judicial notice of matters in the public record. *Gemtel Corp. v. Comm. Redevelopment Agency of City of Los Angeles*, 23 F.3d 1542, 1544 n.1 (9th Cir. 1994) (citing *Mack v. South Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986)).

**III.   Discussion**

Defendant argues that Plaintiff's claims are time barred under both Title VII and the ADEA (Doc. 12 at 4), which require the aggrieved party to bring a lawsuit within 90 days

of receiving a Notice of Right to Sue letter from the EEOC. *See* 29 C.F.R. § 1614.407; *see also Scholar v. Pacific Bell*, 963 F.2d 264, 266-67 (9th Cir. 1992) ("The requirement for filing a Title VII civil action within 90 days from the date EEOC dismisses a claim constitutes a statute of limitations."); *Gamble v. Kaiser Found. Health Plan, Inc.*, 348 F.Supp.3d 1003, 1022 (N.D. Cal. 2018) ("For Title VII and the ADEA claims, a plaintiff must file within 90 days of receipt of a right-to-sue letter."). "The 90 day requirement is mandatory and jurisdictional." *Mitchell v. Los Angeles Community College Dist.*, 861 F.2d 198, 202 (9th Cir. 1988). Plaintiff's complaint alleges that she received the Notice of Right to Sue letter on July 30, 2019 (Doc. 1 at 5). Plaintiff was thus required to file her complaint no later than October 28, 2019. Because Plaintiff's complaint was filed three days later on October 31, 2019, her complaint is untimely. *See Wiley v. Johnson*, 436 F.Supp.2d 91, 96 (D.D.C. 2006) ("Courts apply the ninety-day time limit strictly and will dismiss a suit for missing the deadline by even one day.").

Plaintiff first argues that she timely *mailed* her complaint on October 28, 2019, and that she reasonably believed the mailing date equated to the filing date (Doc. 15 at 4). "When papers are mailed to the clerk's office, [however,] filing is complete when the papers are *received* by the clerk." *Cooper v. City of Ashland*, 871 F.2d 104, 105 (9th Cir. 1989) (emphasis added); *see also In re Godfrey*, 102 B.R 769, 771 (9th Cir. 1989) ("In a case where it is disputed exactly when the petition was placed in the possession of the clerk the file stamp gives rise to the presumption that the petition was filed when it was date and time stamped by the clerk."); *Villados v. Thomas*, No. CIV. 13-00374 LEK, 2013 WL 4011514, at *4 (D. Haw. Aug. 5, 2013) ("The prisoner mailbox rule does not apply to non-prisoner pro se litigants . . . ."). The complaint is therefore considered to be filed as of October 31, 2019, or the date stamped on the complaint as received (as opposed to when it may have been docketed), and *not* the mailing date. The Court thus finds Plaintiff's argument to be unavailing. *See also Kyle v. Campbell Soup Co.*, 28 F.3d 928, 931 (9th Cir. 1994) ("Although the Court in *Pioneer* recognized that excusable neglect is a flexible, equitable concept, the Court also reminded us that inadvertence, ignorance of the rules, or

mistakes construing the rules do not constitute excusable neglect.").

Plaintiff also argues the deadline should be equitably tolled based on her diagnosis of post-traumatic stress disorder, "which rendered her unable to engage in rational[] thought [and] deliberate decision making sufficient to allow her to pursue her claims." (Doc. 15 at 3-4). As support, Plaintiff attached a letter from her psychotherapist, Melvin Tann, stating the "constant legal battles have caused [Plaintiff] severe depression" which "has produced symptom[s] consistent with PTSD." (Doc. 15 at 14). The letter further provides that as a result of the PTSD, "she couldn't appropriately respond to her filing deadlines." (Doc. 15 at 14). Finally, the letter concludes by noting that "[b]ecause of therapy [Plaintiff] is starting to feel better and ready to go through this legal battle again if you consider making an exception to the missed deadline in this case." (Doc. 15 at 14).

"Equitable tolling applies when the plaintiff is prevented from asserting a claim by wrongful conduct on the part of the defendant, or when extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time." *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999). Courts follow a two-part test in determining whether a mental impairment constitutes "extraordinary circumstances"

> First, a plaintiff "must show his mental impairment was an 'extraordinary circumstance' beyond his control" by demonstrating the impairment was so severe that either "(a) plaintiff was unable rationally or factually to personally understand the need to timely file, or (b) plaintiff's mental state rendered him unable personally to prepare [a complaint] and effectuate its filing." Second, the plaintiff "must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances . . . ."

*Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1010 (9th Cir. 2011) (citations omitted).

Although Plaintiff generally argues that her mental impairment "rendered her unable to engage in rational[] thought [and] deliberate decision making sufficient to allow her to pursue her claims," the remainder of her argument demonstrates that she did understand the actual fact of her need to timely file, but misunderstood or miscalculated

the date. For example, her response provides that "[n]otwithstanding her condition, plaintiff reasonably believed that [the] mailing date was considered filing based on EEOC practice and comments that mailing was the same as filing . . . ." (Doc. 15 at 4). Thus, the Court finds, based on Plaintiff's own arguments, that it was not her illness but a mistaken belief that mailing equated to filing, which resulted in her untimely complaint. *See Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000) (citing cases for the proposition that "mere ignorance of the law or lack of knowledge of filing deadlines does not justify equitable tolling or other exceptions to a law's requirements.").[1] Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 12) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (Doc. 1) is **dismissed with prejudice** as untimely.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly and terminate this action.

Dated this 24th day of July, 2020.

Honorable Steven P. Logan
United States District Judge

---

[1] Because the Court finds that Plaintiff's Complaint was untimely, the Court declines to address the remaining arguments.

5